1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT FOR THE

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,

10              Plaintiff,
                                    CR. NO. S-0095-0240 EJG
11         v.
                                    ORDER DENYING MOTION FOR
12  CARLOS HONABLE,                 REDUCTION OF SENTENCE

13              Defendant.
   _____/
14

15       Defendant, a federal prisoner proceeding pro se, has filed a

16  motion seeking multiple forms of relief: modification of term of

17  imprisonment; reduction of term of imprisonment; downward

18  departure; and immediate release.  For the reasons stated below,

19  the motion is DENIED.

20                         BACKGROUND

21       Defendant pled guilty on March 18, 1996 to one count of

22  possession of cocaine with intent to distribute, in violation of

23  21 U.S.C. § 841(a)(1).  He was sentenced to a term of 121 months

24  imprisonment and 60 months supervised release.  The term of

25  supervised release commenced October 8, 2004.  On October 26,

26                              1

1  2006, a petition alleging a violation of supervised release was

2  filed, charging defendant with a new law violation (possession of

3  powder and rock cocaine and marijuana), failure to report a

4  change of residence, and failure to follow a probation officer's

5  instructions.  Pursuant to his admissions, defendant's term of

6  supervised release was revoked and he was sentenced March 2, 2007

7  to a further term of imprisonment of 60 months.

8      On March 3, 2008, defendant filed the instant motion seeking

9  immediate release, a downward departure and a modification or

10  reduction of his term of imprisonment, contending that a recent

11  amendment to the United States Sentencing Guidelines which lowers

12  the base offense level for crack cocaine applies to his case and

13  results in a reduction of his sentence.  Specifically, defendant

14  argues that a November 1, 2007 amendment to the sentencing

15  guidelines, made retroactive December 11, 2007, and effective

16  March 3, 2008, operates to, at the very least reduce his term of

17  imprisonment, and at best, mandate his immediate release from

18  custody.

19      While the court agrees that the guidelines were amended to

20  reduce the base offense level for crack cocaine, which may result

21  in the reduction of an *original* term of imprisonment, the policy

22  statements relating to the amendment, do not provide for a

23  reduction in a term of imprisonment imposed as the result of a

24  violation of supervised release.  Rather, application Note 4 to

25  U.S.S.G. § 1B1.1 limits the application of the amended guideline

26

2

1 │ to the term of imprisonment imposed in the original sentence.

2 │ "***This section does not authorize a reduction in the term of***

3 │ ***imprisonment imposed upon revocation of supervised release.***"

4 │ U.S. Sentencing Guidelines Manual § 1B1.1 cmt. app. n.4 (2007)

5 │ (emphasis added).

6 │    In the instant case, defendant completed his original term

7 │ of imprisonment in October of 2004.  He is presently incarcerated

8 │ for a violation of supervised release.  By its terms, the policy

9 │ statements interpreting the amendment from which he seeks to

10 │ benefit preclude its application.  Accordingly, his motion is

11 │ DENIED.

12 │    IT IS SO ORDERED.

13 │ Dated: April 22, 2008

14 │                              /s/ Edward J. Garcia
   │                              EDWARD J. GARCIA, JUDGE
15 │                              UNITED STATES DISTRICT COURT

16

17

18

19

20

21

22

23

24

25

26                                    3